United States District Court
Eastern District of Missouri
Eastern Division

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:14-cr-00345-ERW-DDN |
| ) | |
| Casey Peebles, ) | |
| ) | |
| Defendant. ) | |

Motion in Limine–2006 World Series Tickets

Comes now Casey Peebles by counsel and moves the Court in this Motion in Limine for an Order of the Court to allow defense counsel to cross-examine police officers regarding their discipline as a result of a scandal concerning tickets for Cardinal home games in the 2006 World Series. Defense counsel states the following in support of this motion:

1. Casey Peebles is charged by grand jury indictment with possession of at least 100 grams of heroin on or about April 3, 2013, with intent to distribute (Count VIII). He is not charged in the conspiracies in Counts I, II, and III of the indictment.

2. Casey Peebles has filed a motion to suppress evidence obtained as a result of the unlawful seizure of his person and search of his automobile on April 2 or 3, 2013 (Doc. 207). In that motion, Peebles alleged that police officers did not have reasonable suspicion or probable cause to stop and search the Land Rover Peebles was driving in the 5900 block of Highland Avenue in the City of St. Louis.

3. Casey Peebles has also filed a Motion to Suppress Identification (to suppress an unnecessarily suggestive identification of a photograph of Peebles by a Source of Information (SOI) (Doc. 248). The motion alleges that police officers showed a single photograph of Peebles to the SOI almost two years after the SOI claimed to have seen Peebles for a brief time in the 5900 block of Highland Avenue.

4. The government has disclosed to defense counsel that two police officers, who will be important witnesses at the hearing on the motions to suppress, were disciplined as a result of what is known as the 2006 World Series ticket scandal.

5. In the 2006 World Series ticket scandal, several St. Louis Metropolitan Police Officers were disciplined for mishandling evidence. To defense counsel's best information and belief the police officers arrested people on the street for selling tickets to the 2006 World Series games in St. Louis when it was illegal to sell those tickets for more than face value. But instead of handling the seized tickets by ordinary evidence preservation procedures, the officers allowed family members and friends to use the tickets.

6. The credibility of the officers who testify for the government at the hearings on the motion to suppress will be at issue on disputed factual matter such as

    (a) Did Casey Peebles fail to stop at the stop sign at the intersection

of Highland and Hodiamont Avenues or did Peebles make a complete stop while driving his Land Rover?

(b) Did the officers see the back seat passenger moving around inside the Land Rover before the officers removed Peebles from the Land Rover or did they not see the back seat passenger until after removing Peebles and his from seat passenger?

(c) Did the officers use an unnecessarily suggestive identification procedure by showing a picture of Peebles to the SOI in 2015 almost two years after the SOI claimed to have seen Peebles in the 5900 block of Highland Avenue on the night of April 2 and 3, 2013?

7. Cross-examination of the police officers is critical to the defense. Defense counsel anticipates the motion testimony of the police officers will contradict the testimony of other witnesses who are not police officers.

8. Defense counsel's proposed cross-examination is essential in order to preserve Casey Peebles's Sixth Amendment right of confrontation.

9. Defense counsel's proposed cross-examination is admissible under Federal Rule of Evidence 608(b) because it is probative of the police officers' character for truthfulness or untruthfulness. Fraudulent conduct implicates a witness's character for truthfulness. *United States v. Staples,* 410 F.3d 484, 489 (8th Cir. 2005). The fraudulent conduct was (a) allowing friends and family members to attend a World Series game with tickets as if the fans had paid for the tickets or received them as legitimate gifts and (2)

3

failing to maintain a proper chain of custody for seized evidence.

10. Defense counsel's proposed relevant cross-examination evidence is admissible under Federal Rule of Evidence 403 because its probative value is not substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

11. Although St. Louis Metropolitan Police Officers were disciplined in 2007 as a result of the 2006 World Series ticket scandal, the Police Department has refused public disclosure of records related to the disciplinary proceedings despite requests under Missouri's Sunshine Law.

12. The Missouri Court of Appeals (Eastern District) recently affirmed the trial court's order to release documents from the Police Department's Internal Affairs Division regarding misconduct by police officers in the performance of their official duties. *Chasnoff v. Mokwa,* Nos. ED101748 and ED 101753 (Mo. App. E.D. April 14, 2015.) The opinion included the following paragraph summarizing some of the facts:

> The investigation revealed that a number of World Series tickets seized from arrestees were used by other persons and then placed in the evidence storage area of the police department's vice and narcotics division. Of 98 confiscated World Series tickets, 31 tickets were used, and investigators learned that several police officers allowed family members and friends to use the tickets. At the investigation's conclusion, the police department disciplined 16 police officers, with penalties ranging from written reprimand to suspensions and demotions in rank. IAD found that these police officers failed to obey rule for proper handling of evidence, engaged in conduct

>unbecoming an officer, or violated department procedures. The trial court found that it did not appear from the record that any of the police officers contested the discipline imposed.

Slip op. at 3. This misconduct, which resulted in demotions and suspensions, was fraudulent conduct that implicates the police officers' character for truthfulness.

13. The Missouri Court of Appeals (Eastern District) has not issued its mandate in *Chasnoff v. Mokwa* because of motions for rehearing and/or transfer to the Missouri Supreme Court by the St. Louis Metropolitan Police Department. According to Missouri Case.net, the Police Department filed an application for transfer to the Missouri Supreme Court on June 2, 2015. Defense counsel does not have access to the discipline records because the records have not been released to the public.

14. In *United States v. Beck,* 557 F.3d 619 (8th Cir. 2009), the Eighth Circuit affirmed the district court's decision to prohibit impeachment by cross-examination of a police officer about his involvement in the 2006 World Series ticket scandal. The Eighth Circuit reasoned that the limitation did not prejudice the defendant because other witnesses, who had no connection to the ticket scandal, corroborated the testimony of the police officer who had been disciplined as a result of the 2006 World Series ticket scandal. *Id.* at 621. By contrast, defense counsel for Peebles anticipates that the two police officers who will testify for the government at the suppression hearing were both disciplined for misconduct in the 2006 World Series ticket

5

scandal.

15. There is no need to prove the specific acts of misconduct by the police officers disciplined in the 2006 World Series ticket scandal by extrinsic evidence.

## Conclusion

For these reasons, Casey Peebles moves the Court to allow his defense counsel to cross-examine police officers regarding their discipline for participation in the 2006 World Series ticket scandal.

Respectfully submitted,

/s/ T. Patrick Deaton

Thomas Patrick Deaton Jr.
E.D. Bar No. 30852MO
Attorney at Law
6614 Clayton Rd. #231
St. Louis, Missouri 63117
(314) 283-2400
(314) 596-4564 (fax)
E-mail: pat@TPDeaton.com

Counsel for Casey Peebles

## Certificate of Service

I hereby certify that on June 15, 2015, I filed this Motion in Limine–2006 World Series Tickets with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record in this cause, including Assistant United States Attorney Michael Reilly.

/s/ T. Patrick Deaton

_____

T. Patrick Deaton