# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CR00345 ERW/DDN |
| | ) | |
| CASEY PEEBLES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David D. Noce [ECF No. 276], pursuant to 28 U.S.C. § 636(b)(1), recommending the denial of Defendant Casey Peeble's Motions in Limine and Motions to Suppress [ECF No. 207, 257]. Defendant filed timely objections to the Report and Recommendation [ECF No. 285]. Defendant objects to the ruling preventing defense counsel from cross-examining law enforcement officers about situations when they have been disciplined [ECF No. 285]. Defense counsel wished to ask the police officers about discipline as a result of a 2006 World Series ticket scandal and an incident where an officer sent a picture of a deceased suspect to persons outside of the police department in 2011 [ECF No. 285].

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motions including reviewing the testimony and arguments from the hearing. Based on this review, the Court concludes Judge Noce made

proper findings and correctly analyzed the issues. Cross-examination is subject to exclusion if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Beck*, 557 F.3d 619, 621 (8th Cir. 2009) (citing *United States v. Beal*, 430 F.3d 950, 956 (8th Cir. 2005)).

Here, the Magistrate Judge properly considered the effect of the cross-examinations. Judge Noce found the probative value is virtually negligible, and it could easily unfairly prejudice the witness in front of the jury, confuse the issues, and mislead the jurors. Additionally, Judge Noce found the testimony of the officers was strongly corroborated by witnesses unrelated to the disciplinary matter.[1] In *United States v. Beck*, this exact issue was decided. *Id*. Cross-examination of police officers involved in the 2006 World Series ticket scandal was excluded because the district court found the probative value was outweighed by the prejudicial effect of the testimony and the testimony was strongly corroborated by other witnesses. *Id*. The Eighth Circuit agreed with the district court's decision and held the exclusion was proper. Finding the exact same situation here, the Court adopts the Report and Recommendation and overrules Defendant's objections regarding the motion in limine.[2]

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 276] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine [ECF No. 257] is

---

[1] Defendant states other witnesses contradicted the officer's testimony regarding whether Defendant stopped completely at a stop sign prior to being stopped by the officers. However, the record is clear that the officers lawfully conducted the stop not because of a traffic violation but for other lawful reasons. Thus, the testimony as to the traffic stop is not relevant and immaterial.
[2] The same analysis applies for the cross-examination regarding the discipline of the officer for sending a photograph of a deceased suspect to someone outside of the police department.

**DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Suppress [ECF No. 57, 207, 248] are **DENIED**.

So Ordered this 2nd Day of September, 2015.

_E. Richard Webber_

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE